F I L E D
United States Court of Appeals
Tenth Circuit

FEB 24 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES WINFORD WOOTEN,

　　　Petitioner - Appellant,

　　v.

BOBBY BOONE, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

　　　Respondents - Appellees.

No. 97-7142
(D. Ct. No. 97-CV-270-B)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Petitioner Charles Wooten, a state prisoner appearing pro se, appeals the

district court's dismissal of his 28 U.S.C. § 2254 habeas petition as untimely

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

filed.  We reverse and remand for further proceedings.

Petitioner was convicted of first degree rape in McCurtain County District Court in the State of Oklahoma on May 23, 1990.  The Oklahoma Court of Criminal Appeals affirmed his judgment and sentence on March 2, 1994.  Wooten v. State, No. F90-1237 (Okla. Crim. App. March 2, 1994).  On April 23, 1997, petitioner deposited in the prison mail system a petition for a writ of habeas corpus to the United States District Court for the Eastern District of Oklahoma and a petition for post-conviction relief to the Oklahoma Court of Criminal Appeals.  The district court stamped the petition "filed" on April 28, 1997.  In an October 29, 1997 decision, the district court dismissed the habeas petition as untimely because Mr. Wooten did not file it within a year of April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Petitioner appeals this decision.

As a threshold jurisdictional matter, we must determine whether petitioner gave timely notice of appeal.  See, e.g., Weston v. Mann (In re Weston), 18 F.3d 860, 862 (10th Cir. 1994).  The district court denied the petition for habeas corpus on October 29, 1997.  Petitioner had thirty days, or until November 28, 1997, to give notice of appeal.  See Fed. R. App. P. 4(a).  According to the district court docket sheet, the notice of appeal was filed on December 8, 1997.  However, a notice of appeal filed through the prison mail system is deemed, under the

"prisoner mailbox rule," to be filed on the date it is delivered to prison officials for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 275-76 (1988). The Supreme Court in Houston noted that the special circumstances facing incarcerated prisoners, including loss of control over mail after it is handed over to prison officials and inability to ensure its physical delivery to the courthouse, necessitate application of the prisoner mailbox rule. See 487 U.S. at 275-76.

The certificate of service attached to Mr. Wooten's notice of appeal contains a date of November 21, 1997, and evidence makes apparent that the notice was delivered to prison officials on or about that same day. Thus, we deem the notice of appeal in this case filed on November 21, 1997, making it timely. We note that, in this case, it does not matter that petitioner may have incorrectly mailed his notice of appeal to the Western District of Oklahoma rather than the Eastern District of Oklahoma.[1] In Houston, evidence suggested the prisoner

---

[1]Upon discovering that mistake, the Western District struck the November 24, 1997 file stamp and forwarded the misdirected notice of appeal to the Eastern District. When the Eastern District of Oklahoma received the notice of appeal on December 8, it refused to treat it as filed on November 24. A notice of appeal mistakenly sent to the wrong district court should be forwarded to the proper district court and deemed "filed" on the date it arrived at the first court. Cf. Fed. R. App. P. 4(a) ("If a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court . . . shall note thereon the date when the clerk received the notice and send it to the clerk in the district court and the notice will be treated as filed in the district court on the date so noted.") Since the notice arrived at the Western District within the 30 day limit, we would also find it timely on this ground.

mistakenly sent his habeas petition to the state supreme court instead of the federal district court.  See 487 U.S. at 268.  Nevertheless, the Court applied the mailbox rule, explaining that pro se prisoners do not have the same options as other litigants to ensure that their filings arrive at the proper destination on time.  See id. at 271, 275-75.  Petitioner presents a similar situation here: a minor oversight in addressing could have caused the delay that would otherwise render the notice untimely.  Therefore, we apply the prisoner mailbox rule and find petitioner timely filed his notice of appeal.  This court thus has jurisdiction to hear the appeal.

Petitioner challenges the district court's ruling that he filed his petition for a writ of habeas corpus after the one year limitations period established by the AEDPA.  The district court relied on United States v. Simmonds, 111 F.3d 737 (10th Cir. 1997), which states "prisoners whose convictions become final on or before April 24, 1996, must file their § 2255 motions before April 24, 1997." Id. at 746.[2]  In holding that the AEDPA limitations period barred Mr. Wooten's petition, however, the district court failed to consider the prisoner mailbox rule, which applies to habeas petitions as well as notices of appeal.  See  Hoggro v.

---

[2]While Simmonds addressed a § 2255 motion, we have applied the same statute of limitations to § 2254 motions.  See Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998); Miller v. Marr, 141 F.3d 976, 977 (10th Cir. 1998).  The § 2254 limitations period is tolled, however, for time spent pursuing state post-conviction relief.  See 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226.

Boone, 150 F.3d 1223, 1226 n.3 (10th Cir. 1998); cf. Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989) (applying Houston rule to prisoner's filing of objections to magistrate report). The fact that the district court stamped the petition "filed" on April 28 does not control the disposition of this case. The record on appeal indicates Mr. Wooten's next friend, Douglas C. Shaffer, placed his petition for writ of habeas corpus in the facility post office with postage prepaid on April 23, 1997.[3] Prison records acknowledge receipt of the letter. We thus hold that Mr. Wooten filed the petition on April 23, 1997. This brings it within the one-year time period prescribed in Simmonds.

The district court denied a certificate of appealability on the basis of its finding that the habeas petition was untimely. Because we have concluded that petitioner timely filed both the notice of appeal and the original petition for habeas corpus, we reverse and remand to the district court for further

---

[3]We see no distinction between the appellant himself acting and the appellant dispatching his incarcerated next friend to mail the habeas corpus application. The rule in Houston derived from the unique demands of the prison setting, and these demands could require someone other than petitioner to physically place the petition into the prison mail system. This conclusion is analogous to that suggested by the language of Fed. R. App. P. 4(c), which adopts the prisoner mail box rule for notices of appeal. Fed. R. App. P. 4(c) provides "the notice of appeal is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing." The passive construction of this provision suggests anyone could deposit the notice for the prisoner.

proceedings.  The certificate of appealability is granted.  REVERSED and REMANDED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge